**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SABRINA WILLIAMS** | § | |
| | § | |
| ***Plaintiff, Pro Se,*** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **DALLAS-FORT WORTH INTERNATIONAL AIRPORT BOARD, DFW AIRPORT DEPARTMENT OF PUBLIC SAFETY, OFFICER NIBBLIT #752, SGT. SOMMERFIELD #853, DETECTIVE CASE, DETECTIVE CASTILLO, and SSP AMERICA, INC.,** | § | **CIVIL ACTION NO. ____________** |
| | § | |
| ***Defendants*** | § | |

---

**DEFENDANTS DALLAS-FORT WORTH INTERNATIONAL AIRPORT BOARD, DFW AIRPORT DEPARTMENT OF PUBLIC SAFETY, OFFICER NIBBLIT, SGT. SOMMERFIELD, DETECTIVE CASE, and DETECTIVE CASTILLO'S NOTICE OF REMOVAL TO FEDERAL COURT**

---

Under 28 U.S.C. §§ 1441 and 1446, Defendants Dallas-Fort Worth International Airport Board, DFW Airport Department of Public Safety, Office Nibblit, Sgt. Sommerfield, Detective Case, and Detective Castillo (the "DFW Defendants"), file this Notice of Removal, and remove the action styled *Sabrina Williams v. Dallas-Fort Worth International Airport Board et al.*, Cause No. 348-372791-25 from the 348th Judicial District Court of Tarrant County, Texas (the "State Court Action") to this Court, because federal question jurisdiction exists regarding Plaintiff's alleged causes of action.

Under Local Rule 81.1, the DFW Defendants attach hereto a copy of each of the following documents labeled as follows:

Exhibit A: An index of all documents filed in the State Court Action;

Exhibit B: A copy of the Docket Sheet in the State Court Action;

Exhibit C: A copy of each document filed in the State Court Action; and

Exhibit D: Certificate of Interested Person that complies with LR 3.1(3) or 3.2(e).

In support of this removal, the DFW Defendants state the following:

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. This case involved a claim arising from an alleged incident that occurred at Flying Saucer restaurant located in Dallas-Fort Worth International Airport ("DFW Airport") while Plaintiff was employed by Flying Saucer. On December 5, 2025, Plaintiff filed her "Verified Original Petition for Writ of Mandamus, Declaratory Judgment, Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Damages (§1983, ADA, Texas Labor Code, Assault, IIED" ("Petition") against the DFW Defendants and SSP America, Inc. in the case styled *Sabrina Williams v. Dallas-Fort Worth International Airport Board et al.*, Cause No. 348-372791-25 from the 348th Judicial District Court of Tarrant County, Texas. The DFW Defendants did not receive service of process. The DFW Defendants filed their answer on December 18, 2025.

2. In her Petition, Plaintiff alleges that on or about June 17, 2025, a Flying-Saucer co-worker threatened Plaintiff with a knife (the "Incident") and the DFW Defendants' inadequate or failure to fully investigate the Incident led to her termination.

## II. JURISDICTION AND GROUNDS FOR REMOVAL

A. Federal Question 28. U.S.C. § 1331

3. Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff alleged a cause of action under 42 U.S.C. § 1983, for a deprivation of her constitutional rights (the "§1983 claim"), and 42 U.S.C. §12101, for a claim under the Americans with Disabilities Act (the "ADA claim"), as well as several state law claims. This Court has original jurisdiction over Plaintiff's §1983 claim and ADA claim pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Removal to this Court is therefore proper pursuant to 28 U.S.C. § 1441. "Federal district courts have subject matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treatises of the United States,'" *i.e.*, federal question jurisdiction. *Davoodi v. Austin Ind. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014) (citing 28 U.S.C. §1331). "Federal question jurisdiction exists when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009); 28 U.S.C. § 1331. Accordingly, this Court has jurisdiction over Plaintiff's §1983 and ADA claims because they are federal statutes.

4. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, which "enables federal district courts to entertain claims not otherwise within their adjudicatory authority when those claims are so related to claims within [federal-court competence] that they form part of the same case or controversy." *Artis v. D.C.*, 583 U.S. 71, 76 (2018); 28 U.S.C. §1367 (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

that are so related to claims in the action within such original jurisdiction that they form the same case or controversy.").

5. Here, the exact same facts which give rise to Plaintif's §1983 and ADA claims also support her state law claims. Thus, all claims form the same case or controversy, and this Court may exercise supplemental jurisdiction over Plaintiff's state law claims. *See, e.g.*, *Mackey v. Children's Med. Ctr of Dallas*, 2006 WL 2713788, at *7 (N.D. Tex. Sept. 22, 2006) ("[I]t is important to note that a federal court has supplemental jurisdiction over the TCHRA claims under the 28 U.S.C. § 1367"); *Sherman v. Dallas Cnty. Cmty. Coll. Dist.*, 2010 WL 2293165, at *11 (N.D. Tex. May 11, 2010) (exercising supplemental jurisdiction over plaintiff's TCHRA and intentional infliction of emotional distress claims under Texas law because claims were "intertwined with" plaintiff's national origin and religious discrimination and retaliation claims under Title VII); *Lozada v. Regal Ware, Inc.*, 564 F. Supp. 2d 715, 716-17 (W.D. Tex. 2008) (exercising supplemental jurisdiction over plaintiff's negligence and intentional infliction of emotional distress claims under state law because the "alleged discriminatory conduct is the common nucleus of operative fact for plaintiff's federal and state claims" and thus "form part of the same case or controversy").

6. Because this Court has jurisdiction over Plaintiff's §1983 and ADA claims, as well as her state law claims, removal is proper under 28 U.S.C. § 1441, which provides, in relevant part, that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). As such, the DFW Defendants respectfully request removal of Plaintiff's suit to this Court pursuant to 28 U.S.C. § 1441.

## III. VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. §1441(a), as this district and division embrace the place where the State Court Action is pending.

## IV. REMOVAL PROCEDURAL REQUIREMENTS

8. This Notice of Removal is properly filed in the United States District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1446(a), as the 348th Judicial District Court of Tarrant County, Texas, is located in this federal judicial district. *See* 28 U.S.C. § 1441(a). The DFW Defendants served the Plaintiff with written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d) and filed a copy of this Notice with the clerk of the 348th Judicial District Court of Tarrant County, Texas.

9. The DFW Defendants were not served the Petition. This Notice is being filed with this Court within thirty (30) days of the date the DFW Defendants filed their Original Answer. *McCrary v. Kansas City Southern R.R.*, 121 F. Supp.2d 566 (E.D. Tex. 2000) (citing *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998) ("when service is effected on a statutory agent, the removal period begins when the defendant actually receives the process and not when the statutory agent receives process.") (citing 14C WRIGHT, et al., § 3732, at 516 and *Kurtz v. Harris*, 245 F. Supp. 752, 754 (S.D. Tex. 1965))); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the 30-day removal period does not begin to run until formal service has been made as opposed to the receipt of a courtesy copy of the complaint). Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely.

10. The undersigned signed this Notice pursuant to Federal Rule of Civil Procedure 11, in accordance with 28 U.S.C. § 1446(a).

11. The DFW Defendants submit this Notice of Removal subject to and without waiver of any of their claims, defenses, rights, or remedies in this action, all of which are expressly reserved, and without admitting any of Plaintiff's claims or that she is entitled to any damages or other relief in this case.

## V. JURY DEMAND

12. The DFW Defendants demanded a jury in the State Court Action. The DFW Defendants hereby also requests a jury on all claims and causes of action.

## VI. CONCLUSION

Under Federal law, the DFW Defendants remove this action from the 348th Judicial District Court of Tarrant County, Texas, to this Court.

Respectfully submitted,

*/s/ Kristin Newman*

**GEFFREY W. ANDERSON**
TX State Bar No. 00786980
ganderson@andersonriddle.com
**KRISTIN NEWMAN**
TX State Bar No. 24102279
knewman@andersonriddle.com
ANDERSON & RIDDLE, L.L.P.
1604 8th Avenue
Fort Worth, TX 76104
Telephone: (817) 334-0059
Facsimile: (817) 334-0425

**ATTORNEYS FOR DFW DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of December 2025, a true and correct copy of the foregoing document was served upon all parties of record via electronic notice from the court's ECF system for registered users, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

*/s/ Kristin Newman*
**KRISTIN NEWMAN**